Appeal from an order of the Family Court, Herkimer County (Henry A. LaRaia, J.), entered October 18, 2007 in a proceeding pursuant to Social Services Law § 384. The order, among other things, terminated respondent’s parental rights.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that terminated his parental rights upon a finding that he had abandoned his daughter (see Social Services Law § 384-b [5]). Contrary to the father’s contention, petitioner met its burden of establishing by clear and convincing evidence that the father failed to visit his daughter or to communicate with her or petitioner, although able to do so, during the six-month period immediately preceding the filing of the petition (see Matter of Annette B., 4 NY3d 509, 513-514 [2005], rearg denied 5 NY3d 783 [2005]; Matter of Tonasia K., 49 AD3d 1247 [2008]). Indeed, petitioner established that the father failed to visit his daughter despite the fact that Family Court had permitted the father to visit her at petitioner’s office if he obtained a negative drug test. Even assuming, arguendo, that the father established that he visited his daughter on one occasion at his mother’s house during the relevant time period and that he had bimonthly telephone contact with his then one-year-old daughter, who had permanent hearing loss in both ears, we conclude that such *1187 “limited contact is insubstantial and does not preclude a finding of abandonment” (Tonasia K., 49 AD3d at 1248; see Matter of Timothy H., 37 AD3d 1119 [2007], lv denied 8 NY3d 813 [2007]). Present—Scudder, EJ., Martoche, Lunn, Peradotto and Green, JJ.